51 F.3d 265
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karam BEDI, Plaintiff-Appellant,
v.
Andre GRONDIN, Defendant-Appellee.
 No. 94-1912.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 31, 1995.
Decided: March 31, 1995.
 
 Karam Bedi, appellant pro se.
 Charles Stephen Setliff, MAYS & VALENTINE, Richmond, Virginia, for appellee.
 Before HAMILTON and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal is taken by plaintiff Karam Bedi from the dismissal of his action against Andre Grondin. We modify the dismissal to reflect that it is without prejudice, and affirm the dismissal as modified.
 
 
 2
 Bedi, a California resident proceeding pro se, alleged that he had been damaged by intentionally harassing lawsuits filed by Grondin. Bedi sought compensatory damages, attorney's fees, and $5 million in punitive damages.
 
 
 3
 Grondin filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief could be granted. The district court dismissed the suit on the grounds that the court lacked personal jurisdiction over Grondin and lacked subject matter jurisdiction over the amount in controversy. It is from this order that Bedi appeals.
 
 
 4
 When a motion to dismiss is based on lack of subject matter jurisdiction, the district court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the court that it has subject matter jurisdiction over the case. The pleadings are construed in a light most favorable to the party opposing the motion. Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 967 (4th Cir.), cert. denied, 113 S.Ct. 411 (1992). We review the district court's dismissal for lack of subject matter jurisdiction de novo. Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1034 (4th Cir.1994).
 
 
 5
 After properly finding that Bedi could not recover punitive damages under the causes of action pled, the district court held that the remaining requests for compensatory damages and attorney's fees did not satisfy the requirements of 28 U.S.C. Sec. 1332 (1988). Under Sec. 1332, the matter in controversy must exceed the sum or value of $50,000 for a district court to have diversity jurisdiction.
 
 
 6
 The district court states that Bedi's complaint references just two relevant compensatory damage amounts, both for attorney's fees, totalling only $18,000. However, Bedi contends that he has additionally alleged that Grondin's actions forced him to close his business, resulting in a loss of a $40,000 investment, recoverable under Fed.R.Civ.P. 11. Thus, Bedi asserts he has satisfied the amount in controversy requirement.
 
 
 7
 Rule 11, however, does not create a private right of action, and a litigant may not use Rule 11 as a substitute for tort damages. See Port Drum Co. v. Umphrey, 852 F.2d 148, 149 (5th Cir.1988); see also Business Guides, Inc. v. Chromatic Communications Enters., 498 U.S. 533, 553 (1991) (Rule 11 does not create a federal common law claim of malicious prosecution). Therefore, the $40,000 loss alleged by Bedi cannot be considered in determining whether Bedi satisfied the amount in controversy requirement. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (where a complaint prays for damages which are legally certain not to be recoverable, dismissal is justified). Without the allegation of the $40,000 loss, Bedi's complaint does not meet the amount in controversy requirement.*
 
 
 8
 However, since dismissal for lack of subject matter jurisdiction is not a decision on the merits, dismissal should be without prejudice to Bedi's right to file a new complaint with proper jurisdictional allegations. See Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 595 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). Therefore, we modify the district court's order to reflect that the dismissal is without prejudice and affirm the order as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Because we find that the district court properly dismissed Bedi's complaint for lack of subject matter jurisdiction, we do not find it necessary to review the alternate ground for dismissal, lack of personal jurisdiction