Jose A. REYES CAÑADA,
et. al., Plaintiffs

v.

Cesar REY HERNANDEZ,
et. al., Defendants.

Civil No. 01–1542 (JAG/GAG).

United States District Court,
D. Puerto Rico.

Feb. 1, 2006.

Alice M. Velazquez, Carolina, PR, Claudio Aliff–Ortiz, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Pablo Landrau–Pirazzi, Sheila J. Torres–Delgado, Aldarondo & Lopez Bras, Guaynabo, PR, for Plaintiffs.

Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Rodriguez–Munoz, Ivette M. Berrios, Julio Cesar Alejandro–Serrano, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Humberto Guzman–Rodriguez, Guaynabo, PR, Glorianna S. Hita–Valiente, Luisselle Quinones–Maldonado, Hector J. Benitez–Arraiza, Marie L. Cortes–Cortes, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, Grisselle Gonzalez–Negron, Faccio & Pabon Roca, Kristine Burgos–Santiago, Department of Justice Office of the Solicitor General, Pedro Santiago–Rivera, Rafael Escalera–Rodriguez, Reichard & Escalera, Patricia Lorenzi, Delgado & Fernandez, Edward W. Hill–Tollinche, Jo–Ann Estades–Boyer, Department of Justice, Maria L. Santiago–Ramos, Schuster Usera & Aguilo LLP, San Juan, PR, Frederic Chardon–Dubos, Frederic Chardon Dubos Law Office, Moca, PR, for Defendants.

## OPINION AND ORDER AWARDING ATTORNEY'S FEES TO PREVAILING PARTY PLAINTIFFS

GELPI, United States Magistrate Judge.

Plaintiffs have requested the Court to reconsider its order of January 23, 2006 (Docket No. 918) denying without prejudice their motion for attorney's fees (Docket No. 892). For the reasons that follow, the *Motion for Reconsideration* (Docket No. 922) is hereby **GRANTED**. Consequently, the Court considers on its merits the *Motion Requesting Attorney's Fees* (Docket No. 892), **GRANTS** the same, and hereby **AWARDS** attorney's fees, as discussed below. The Court notes that defendants have been provided the opportunity to address the fee petition, which they have indeed done via joint motion (Docket Nos. 916 and 928).

### I. Does Local Rule 54(a) Preclude the Court from Ruling on the Attorney Fee Petition?

■ At the outset, the Court must determine whether in this case compelling grounds exist so as to depart from Local Rule 54(a), which provides that an attorney fee petition filed during the disposition of an appeal shall have no effect.[1] Defendants contends that this proviso bars the Court from ruling on the plaintiffs' attorney's fees petition.

---

1. Local Rule 54(a) reads:

An application for attorney's fees in those cases in which fees have been contracted for or in any case in which no notice of appeal has been filed shall be filed within forty-five (45) days of entry of judgment.

An application for fees in all other cases, shall be filed within thirty (30) days of the disposition of the appeal. A claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the time prescribed herein.

Here, plaintiffs filed their fee petition within forty five (45) days of judgment and at a time where no notice of appeal had yet been filed. An appeal, however, was filed thereafter. The issue, thus, becomes whether the fact that a subsequent appeal of this case is now pending precludes consideration of the fee petition by the Court.

Considering Local Rule 54(a) in the light most favorable to defendants it would seem that plaintiffs' petition may not be considered at this time. This Court, however, may depart from said directive "so long as there is sound reason for the departure and no party's substantial rights have been unfairly jeopardized". *Garcia–Goyco v. Law Environmental Consultants, Inc.*, 428 F.3d 14, 20 (1st Cir.2005). Here, there is indeed very sound reason. The Supreme Court has stated in regards to Section 1988 fee awards that *"district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits"*. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 454, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). While the Court also recognized that district courts "remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees", *id.*, here the issue is not one of timeliness, but rather one of ripeness.

The Supreme Court's preference that Section 1983 appeals include Section 1988 awards within the same proceeding must be given extreme deference by this Court. Such practice indeed is not forbidden by

the First Circuit. Contrariwise, said Court recently considered a Section 1983 verdict challenge along with a Section 1988 fee award. *See Diaz–Rivera v. Rivera–Rodriguez*, 377 F.3d 119 (1st Cir.2004).[2] Such authority supports, at least in this instance, plaintiffs' request to consolidate the judgment and ruling on attorney's fees for purposes of appeal.[3] *See also Ridder v. City of Springfield*, 109 F.3d 288, 292 n. 4 (6th Cir.1997), *cert. denied*, 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998) (holding in Section 1983 case that concurrent consideration by Magistrate–Judge of challenges to the merits and imposition of sanctions avoided piecemeal appeals and laudably conserved judicial resources as encouraged in *White, supra*).

In addition, the Court finds that defendants will not be prejudiced by a ruling on attorney's fees. The Court will not order that any award be payable until the appeal process concludes. The fact that defendants will have an additional issue to brief on appeal does not tantamount to prejudice. Plaintiffs will also have to do exactly the same. More so, the appeal of this case, as the post-trial motions already evince, will involve a plethora of issues.

Accordingly, the Court, in light of *White*, will presently rule on plaintiffs' petition for attorney's fees.[4] This will avoid piecemeal litigation both at the district and appeals levels.

## II. *Are plaintiffs prevailing parties?*

■ The answer is yes. Here the plaintiffs unquestionably prevailed. *See Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that a

---

**2.** This case was tried by the undersigned Magistrate–Judge before a jury, and subsequently attorney's fees were awarded.

**3.** This Court's present ruling is limited to Section 1983 judgments and Section 1988 awards. It should thus not be construed as

applicable to cases brought under other statutes.

**4.** Plaintiffs also moved for costs (Docket No. 882). This matter was referred to the Deputy Clerk of this Court (Docket No. 908).

plaintiff who wins nominal damages is a prevailing party under Section 1988); *Diaz–Rivera*, 377 F.3d at 125 (upholding attorney's fees award where plaintiffs received only nominal damages "as the determination that [defendant] violated plaintiffs' constitutional rights [under the First Amendment] represented a significant legal conclusion serving an important public purpose").

The jury in this case found that all of the plaintiffs had been discriminated against based on their political affiliation. Some received nominal damages, while others obtained higher awards.[5] Not only this, all plaintiffs obtained injunctive relief. Of significance is the fact that the Court, as a result of this litigation, ordered the Secretary of Education to put a stop to the practice of using only career employees affiliated with the administration in power to perform duties for his trust staff, which in turn, entitled these select drivers to the additional perk of juicy overtime pay.

### III. *Reasonable Attorney Rates*

The Court, in light of its experience in awarding Section 1988 attorney fees, *see, e.g., Diaz–Rivera, supra*, as well as taking into consideration attorney fee rates recently approved by Judges within this District finds that the following hourly rates are appropriate in this case. In doing so, the Court has considered counsels' experience, as well as competent performance in this case, both in the courtroom and motion practice.

1. Attorney Eliezer Aldarondo Ortiz:
   $300.00 for in-court time
   $275.00 for out-of-court time

2. Attorney Pablo Landrau Pirazi:
   $300.00 for in-court time
   $275.00 for out-of-court time

3. Attorney Claudio Aliff Ortíz:
   $220.00 for in-court time
   $200.00 for out-of-court time

4. Attorney Iván Castro Ortiz:
   $190.00 for in-court time
   $170.00 for out-of-court time

5. Attorney Simone Cataldi Malpica
   $160.00 for in-court time
   $140.00 for out-of-court time

6. Attorney Sheila Torres Delgado
   $140.00 for in-court time
   $120.00 for out-of-court time

7. Law Clerk Sheila Torres Delgado [6]
   $75.00 for in-court time
   $50.00 for out-of-court time

8. Attorney Alice Velázquez Aponte
   $200.00 for in-court time
   $180.00 for out-of-court time

9. Attorney Rafael Toro
   $210.00 for in-court time
   $190.00 for out-of-court time

10. Attorney Rosa Vázquez Bausá
    $160.00 for in-court time
    $140.00 for out-of-court time

Given the fact that this case lasted approximately five years, the Court notes that a reasonable rate in 2005 is somewhat higher than in 2001, though not significantly. To reflect the inflation of attorney's fees in Puerto Rico throughout this period, the Court in Section V, *infra*, of this Opinion and Order shall deduct a slight percentage of the total award.

---

**5.** The fact that plaintiffs also obtained punitive damages awards, nominal or otherwise, is thus inconsequential to the Court's prevailing party analysis. Even if the punitive damages awards were to be vacated plaintiffs would still be prevailing parties under Section 1988.

**6.** During the duration of this case, Ms. Torres Delgado graduated from law school and passed both her state and federal bar examinations.

## IV. Defendants' Arguments as to Reduction of Attorney Awards Sought by Plaintiffs

Defendants, in their opposition to plaintiffs' request for attorney's fees (Docket Nos. 916 and 928) contend the following:

1. Plaintiffs failed to identify with reasonable particularity the time spent by counsel on each plaintiff's case or group of claims. More so, not all of plaintiffs' causes of action prevailed ultimately.

2. Plaintiffs failed to eliminate all hours of work performed by counsel as to plaintiffs Reyes Cañada and Iris Rivera, who were respectively involuntarily and voluntarily dismissed during the second trial of this case.

3. Plaintiffs failed to specify what their trial preparation entailed, as well as spent excessive time preparing for trial, drafting motions, and meeting with clients.

4. Plaintiffs' trial team was overstaffed.

5. Plaintiffs' counsel, who are experienced in Section 1983 litigation spent excessive hours in drafting the complaint and amended complaint.

6. Plaintiffs' counsel performed certain work which a paralegal could have performed, i.e., summarizing depositions for trial.

7. Plaintiffs' counsel spent excessive hours in assessing settlement alternatives.

8. Excessive time was spent in preparing for supplemental depositions prior to the second trial.

Defendants' arguments are well-taken, save for the overstaffing and successful claims arguments. The Court, thus will deduct eight percent (8%) of the total award to reflect any unreasonably excessive or unnecessary work.[7] *See Diaz Rivera, supra* at 126 (citing *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1191 (1st Cir.1996)).

■ In regards to overstaffing, the Court rejects defendants' argument that having three attorneys participate in the trial and re-trial phases of this case was unwarranted. The first trial lasted approximately seven weeks. Several attorneys represented the defendants. In the last case six attorneys did so.[8] In addition, the Court's schedule was non-stop and fast-tracked. Trial commenced every day at approximately 9:30 a.m. and ran until 5:30 p.m., with a one hour lunch break, and a morning and afternoon coffee break for the jury. Every day, prior to and subsequent to trial, the Court would meet with counsel to discuss procedural matters and argue motions. During the second trial, the Court did not entertain most motions during trial time, but rather before or after trial. Most motions, upon the Court's instructions, were drafted during the evenings by counsel and filed electronically the next morning by the time the undersigned arrived to Chambers, at approximately 8:00 a.m. During weekdays, the undersigned worked on this case approximately twelve hours a day, sometimes leaving the building in the very late evening. Consequently, it is not unreasonable for counsel to have expended considerably much more time than the Court.[9] More

---

7. The Court notes that the total number of hours specifically challenged by defendants as excessive and unnecessary amount to approximately 400 hours out of a total of 5,369.25 certified by plaintiffs' counsel. This amounts to a bit under eight percent (8%). *See* defendants' opposition (Docket No. 916).

8. Certain defendants were represented by two attorneys at trial and all other court hearings, for example Dr. Rey.

9. Assuming that defendants had prevailed at trial and that Section 1988 allowed them to seek attorney's fees, it would not be unfath-

so, while counsel were in Court trying the case, other attorneys simultaneously were busy in the law firms drafting motions and memoranda. Notwithstanding, the Court will deduct a further five percent (5%) of the total fee award to reflect any unreasonably duplicative tasks performed by counsel in preparation for trial.[10]

■ Finally the Court rejects defendants' argument that as not all claims were successful, the Court should further deduct a percentage for counsel's fees. Although some of plaintiffs particular claims did not prosper at the Rule 50 stage (i.e., María Celia Rivera was dismissed as a defendant during the re-trial), the overall outcome of the jury verdict reflects an overall success of plaintiffs in this case. Plaintiffs were able to convince the jury that following the 2001 change in administration, adverse employment actions were taken against them on the basis of their political affiliation. This was the sole claim in this case. *Cf. Diaz–Rivera,* 377 F.3d at 126 (court deducted 33% of award as plaintiffs only succeeded in their Due Process claim, and not their First Amendment claim).

## V. *Conclusion*

In light of the above, the Court finds that under Section 1988 plaintiffs are prevailing parties, and thus entitled to reasonable attorney's fees. In determining what is reasonable the Court has deducted eight percent (8%) of the total fees sought by plaintiffs to reflect unreasonable unnecessary and/or excessive work. The Court has further deducted an additional five percent (5%) to reflect unreasonable duplicative tasks performed by counsel during trial preparation. Finally the Court will deduct an additional two percent (2%) to reflect any differences in attorney rates between early 2001 and late 2005.[11]

■ **WHEREFORE,** plaintiffs are hereby awarded **$949,631.40**[12] in attorney's fees.

## SO ORDERED.

omable to estimate that counsel's fees would be in the same ballpark with those of plaintiffs' counsel. Although not an issue at this time, as the parties did not raise the same, a comparison between the hours billed by defense counsel to the Secretary of Justice for their representation of defendants under Act 9, perhaps would have been helpful for the Court to pinpoint with precision the exact number of reasonable hours worked in this case by both sides.

10. In their opposition (Docket No. 916) at page 9, defendants claim that three attorneys prepared for both trials for a total of 767.5 hours. By reducing five percent (5%) of the attorney fee award, plaintiffs will only get paid for roughly the work of one partner and one associate, rather than three attorneys.

11. In *Diaz–Rivera,* 377 F.3d at 126, the Court, citing *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), held that a district court may reduce the total award rather than attempt to identify specific hours to be eliminated.

12. Plaintiffs claimed a total of $1,117,213.33 in Section 1588 fees. Fifteen percent (15%) of this sum ($167,581.99) was deducted to reflect the final award. This award is reasonable under the circumstances, given the length of this case (five years), plus the fact that it had to be re-tried.