**PUERTO RICANS FOR PUERTO
RICO PARTY, et. al.,
Plaintiffs**

v.

**Juan DALMAU, et. al., Defendants.**

**Civil No. 07–1867 (GAG).**

United States District Court,
D. Puerto Rico.

Oct. 2, 2007.

Juan Jose Nolla–Acosta, Urb. Valle De Andalucia, Ponce, PR, Nelson Rosario, San Juan, PR, for Plaintiffs.

Nelson Rosario, Ramon L. Walker–Merino, Walker Merino Law Office, San Juan, PR, Jorge Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

### *OPINION AND ORDER*

GUSTAVO A. GELPI, District Judge.

Following the November 2, 2004 general elections in the Commonwealth of Puerto Rico, the Puerto Ricans for Puerto Rico Party ("PPR") unsuccessfully attempted to preclude the Puerto Rican Independence

Party ("PIP") from being certified as a party by petition by the State Elections Commission. This saga ended on June 25, 2005, when the Puerto Rico Supreme Court found the PIP's party certification to be valid. *PAC v. PIP,* — D.P.R. ——, 2006 T.S.P.R. 193, 2006 WL 3895016 (P.R. Dec. 29, 2006).

Now, the PPR comes before this Court, seeking a ruling that the PIP's registration is null and void, and decertifying the party. This request is offensive from the standpoint of federalism and federal-commonwealth court comity.

■ The *Rooker–Feldman* doctrine bars direct review by a United States district court of a decision reached by a state's highest court, as such authority is vested solely in the United States Supreme Court. *ASARCO, Inc. v. Kadish,* 490 U.S. 605, 622, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989); *Cruz v. Melecio* 204 F.3d 14, 21 n. 5 (1st Cir.2000). Although Puerto Rico is not a state, review of its Supreme Court decisions by the United States Supreme Court mirrors that of state supreme court decisions. *Compare* 28 U.S.C. §§ 1257 with 1258.

In the case at bar, if this court were to address the merits of the PPR's complaint, it would in fact be reviewing directly the *PAC v. PIP* decision issued by Puerto Rico's highest tribunal. This is totally uncalled for. Such a delicate task can only be carried out by the United States Supreme Court.

■ The PPR's claims before this court are also barred by the doctrine of *res judicata.* A federal court must give full faith and credit to a final judgment issued by a state court. *See Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Barreto–Rosa v. Varona–Mendez,* 470 F.3d 42, 45 (1st Cir. 2006); *see also* 28 U.S.C. § 1738. Accordingly, Commonwealth law dictates the preclusive effect of the judgment of the Puerto Rico Supreme Court in *PAC v. PIP. See Cruz v. Melecio.* 204 F.3d at 18. Under Puerto Rico law, *res judicata* and collateral estoppel preclude the relitigation of claims and issues that were, or could have been brought, in a previous action in which judgment has been entered and is now final. *Barreto–Rosa,* 470 F.3d at 45; *Cruz v. Melecio,* 204 F.3d at 20.

■ In the case at bar, the Commonwealth Supreme Court's judgment in *PAC v. PIP* is final.[1] Allowing this case to proceed thus would result in a re-litigation of the claims that were raised, or could have been raised, in the state court. This includes federal claims. More so, the PPR did not specifically reserve its right to litigate federal claims in federal court after the state forum had decided state-law issues. *See England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Barreto–Rosa,* 470 F.3d at 47. In addition, in order to make an *England* reservation, a plaintiff must initially bring suit in federal court and request that the court abstain pending resolution of state claims in state court. *Id.* This clearly did not happen here.

Accordingly, in light of the above, the Court hereby **DISMISSES** the instant action **with prejudice** and **awards defen-**

---

[1]. In reality, the adverse judgment entered against the PPR became final before the Commonwealth Supreme Court decided *PAC v. PIP.* Initially, suit was commenced by the PPR and PAC (Spanish anonym for Civil Action Party) before the Commonwealth Court of First Instance, Superior Court Section. Both plaintiffs raised identical issues, and were represented by the same counsel (now counsel in this case). Following several adverse rulings against the PPR and PAC, only PAC sought appellate review, first before the Commonwealth Circuit Court of Appeals, and subsequently the Supreme Court.

dants costs and attorney's fees to appearing defendants.

Before entering judgment in this case, two matters require comment by the court. First, the PPR in its complaint and motion in compliance (Docket Nos. 2 and 16, respectively) repeatedly makes unwarranted statements against the Commonwealth judiciary. At paragraph 42 of the complaint, the PPR states that it *"has faced a state court system that is partial towards the PIP ... and against PPR's claims ..."* At paragraph 65 of the complaint, the PPR states that it *"has no other place to go [than federal court] to seek a remedy, as the state courts are partial to the PIP's position, as shown by several court decisions, in which the state courts, while acknowledging that the PIP violated Election law and regulations, refused to void their petitions and their registration process."* Again, at pages 10–11 of the motion in compliance, the PPR makes similar accusations against the Commonwealth judiciary: *"PPR has faced a state court system that is partial towards the PIP and CEC's officials and against PPR's claims ... Plaintiffs in the instant case are claiming that they cannot hope for a fair result in the state court system, which seems to be afraid of making a decision against the PIP's illegal registration."*

Such comments, drafted by subscribing counsel, greatly undermine the integrity of the judicial branch—both state and federal. As such, the same cannot be condoned under any circumstance. Furthermore, considerations of comity and federalism (such as the *Rooker–Feldman* and *res judicata* doctrines applied herein) cannot be truncated based on generalized assertions of judicial bias. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 610, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). The PPR can only blame itself and not the Commonwealth judiciary for its present predicament. It opted to challenge the PIP's certification in state court on state grounds. It also never properly preserved its federal claims before this court pursuant to the *England* doctrine. The Court therefore **energetically censures** the PPR's counsel for their improper comments, and expects them not to act likewise in the future.

Finally, the court also **admonishes** defendants Bauza and Dalmau, the NPP and PIP's electoral commissioners, respectively, for failing to appear in this case, when properly served and ordered to present their arguments in support of dismissal. This is unacceptable and, had this case not been dismissed, sanctionable conduct as well.

The Court realizes that Dalmau's political views as a member of the Puerto Rican Independence Party clash with the reality that a United States District Court exists in Puerto Rico. Notwithstanding, Dalmau's stance should not impede the PIP from adequately defending itself in court. Here, the law and facts of the case dictated a ruling in favor of Dalmau and the PIP. But what if this had not been the case? By failing to appear, the PIP's electoral commissioner could have potentially jeopardized the future of his party's electoral franchise.

The PIP's electoral commissioner, as a litigant, enjoys before this Court the very same constitutional and legal rights and protections afforded to any other appearing party. More so, the Court respects the First Amendment right of the PIP and its members to question the federal court's presence on the island. In the past, the PIP has ably litigated as a party in the district and appellate federal fora and prevailed. *See, e.g., Berrios Martinez v. Commonwealth of Puerto Rico,* Civil No. 00–2177(JP) (removed action remanded to state court). The Court, thus, urges Dalmau and the PIP to rethink their position

of not appearing before this court simply to make a political statement. Like any other plaintiff or defendant, the PIP, by presenting its legal arguments to this court, can help shape favorable judicial precedent.

**SO ORDERED.**