PUERTO RICANS FOR PUERTO RICO PARTY, et. al.,
Plaintiffs

v.

Juan DALMAU, et. al., Defendants.

Civil No. 07–1867 (GAG).

United States District Court,
D. Puerto Rico.

Oct. 23, 2007.

Juan Jose Nolla–Acosta, URB. Valle de Andalucia, Ponce, PR, Nelson Rosario, San Juan, PR, for Plaintiffs.

Nelson Rosario, San Juan, PR, Jorge Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Ramon L. Walker–Merino, Walker Merino Law Office, San Juan, PR, for Defendants.

### ORDER AWARDING ATTORNEY'S FEES TO CO–DEFENDANT GERARDO CRUZ, PDP ELECTORAL COMMISSIONER

GUSTAVO A. GELPI, District Judge.

Having reviewed co-defendant Cruz's unopposed motion for attorney's fees (Docket No. 23), the Court hereby **GRANTS** Cruz's motion in its entirety. Accordingly, the PPR is hereby **OR-**

**DERED** to pay defendant Cruz the amount of $1,900.00.

■ The instant award is warranted under 42 U.S.C. § 1988 as the Court finds the case to have been filed in an unreasonable manner and without foundation. *See Bercovitch v. Baldwin School, Inc.*, 191 F.3d 8, 10 (1st Cir.1999) (discussing standard for awarding fees to a civil rights defendant). Applying the "lodestar" method, *see, e.g., Reyes Canada v. Rey*, 411 F.Supp.2d 53 (D.Puerto Rico 2006), the Court finds counsel Martínez Luciano's hourly rate to be more than reasonable in light of his ample federal litigation experience. In addition, the Court finds that the time spent by him is also quite reasonable.

This action is "unreasonable and without foundation" for the following reasons. First, as discussed in the Court's October 2, 2007 Opinion and Order, *see* 517 F.Supp.2d 601, 2007 WL 2871231 (D.P.R. 2007), the complaint runs afoul of the *Rooker–Feldman* and *res judicata* doctrines. Before the Commonwealth courts, as well as this court, the PPR has sought an identical remedy: the decertification of the PIP's inscription. Now, before this court, the PPR adds that the PIP *"could have falsified"* its registration petitions. Complaint at ¶¶ 35 and 48 (Docket No. 1); Amended Complaint at ¶¶ 43 and 56 (Docket No. 26). The PPR also adds that it was not a party to the commonwealth court cases which led to the Commonwealth Supreme Court's determination that allowed the PIP to re-register. Amended Complaint at ¶ 51 (Docket No. 26).

The PPR's arguments in favor of federal court intervention in this matter are groundless. In the first instance, the Commonwealth Supreme Court record[1] and opinion in *PAC v. PIP*, 2006 T.S.P.R. 193, 2006 WL 3895016 (P.R. 2006), belie the allegation that the PPR was not a party to the Commonwealth proceeding. As evidenced therein, the PPR and PAC arduously litigated hand in hand the issue of the PIP's re-registration at the Superior Court level. Subsequently, only the PAC appealed the adverse judgment entered against it and the PPR to the Commonwealth appeals and supreme courts. Notwithstanding, the judgment entered against the PPR at the Superior Court level became final.[2] This judgment ultimately proved to be entirely consistent with that of the Supreme Court denying the PAC's prayer that the PIP be decertified. The final and unappealable Superior Court judgment against the PPR, however, carries preclusive effect for purposes of both the *Rooker–Feldman* and *res judicata* doctrines. *See Cruz v. Melecio*, 204 F.3d 14, 21 n. 5 (1st Cir.2000) (noting that "only a state court adjudication that itself has preclusive effect can bring the *Rooker–Feldman* doctrine into play"); id at 20 (noting that *res judicata* and collateral estoppel preclude the re-litigation of claims and issues that were, or could have been brought, in a previous action in which judgment has been entered and is now final).

The mere claim that the PIP "could have" committed electoral fraud is insufficient to overcome the *Rooker–Feldman/res judicata* hurdles. It is entirely speculative and in contravention to the relatively low threshold of Rule 12(b)(6). *See Bell Atlan-*

---

1. Pursuant to the order of October 15, 2007 (Docket No. 33), the Clerk of the Puerto Rico Supreme Court, provided to this Court a certified copy of its file in *PAC v. PIP*, which shall be made part of the record in this case. The Court takes judicial notice of the multiple motions and orders filed in said case, at all three tiers of the Commonwealth court system.

2. PPR did not obtain leave of court to withdraw as a party without prejudice.

*tic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (holding that a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level"). More so, it was not preserved for federal court consideration under the *England* doctrine.

 The PPR also contends that because at the time it litigated its claims in Commonwealth court it was not a political party but rather an organization, the *res judicta* doctrine is inapplicable. Although correct in that now it is a political party, it is nonetheless in privity with its earlier incarnation. Because it is in privity, *res judicata* attaches. *See Perez Guzman v. Gracia,* 346 F.3d 229, 234 (1st Cir.2003) (citing *Cruz v. Melecio,* 204 F.3d at 19) (holding that where earlier state court action was brought by same parties that controlled the litigation *res judicata* applied). Here, there is no dispute that the PPR, which is now a political party, is the same entity which litigated in the Commonwealth court the PIP's re-certification. There is also no dispute that the PPR's president has always been Mr. Rogelio Figueroa, and that its attorney has been Mr. Nelson Rosario, who now serves as the PPR's Electoral Commissioner.[3]

This court is ordinarily hesitant to impose upon a plaintiff Section 1988 attorney's fees, more so when plaintiff is a new political party battling for equality within Puerto Rico's traditional three party (NPP, PDP and PIP) system, which is to a great extent publicly funded. Plaintiff's claim, in and of itself, is not a frivolous one, as the Commonwealth Supreme Court in *PAC v. PIP, supra,* disposed of the same on its merits. Notwithstanding, the fact that a claim is not frivolous does not entitle a plaintiff to ignore well-established comity considerations such as the *Rooker–Feldman* and *res judicata* doctrines.

The doors to the federal court are open to the PPR and all who meet federal prudential and standing requirements. This is not the case here. To allow this case to proceed in this court at this procedural juncture would render federal-state court comity meaningless.

WHEREFORE, the PPR is hereby **ORDERED** to pay to the PDP Commissioner the sum of **$1,900.00** in attorney's fees, pursuant to 42 U.S.C. § 1988.[4]

**SO ORDERED.**

---

3. As noted in the court's earlier opinion, 517 F.Supp.2d 601, 602, 2007 WL 2871231, at *1 n. 1, Mr. Rosario was also the PAC's attorney.

4. The Court, in its discretion, has opted not to award attorney's fees under 28 U.S.C. § 1927 for unreasonable and vexatious litigation. Had it done so, attorney's fees would have to be satisfied by counsel personally. The PPR's counsel should have known that this action was barred by existing First Circuit and Supreme Court precedent. By filing the same, they unnecessarily multiplied judicial proceedings. *See, e.g., Bolivar v. Pocklington,* 137 F.R.D. 202, 205–206 (D.P.R.1991).