Luis CALDERON ROSADO,
Plaintiff, Appellant,

v.

GENERAL ELECTRIC CIRCUIT
BREAKERS, INC., et al.,
Defendants, Appellees.

No. 86–1306.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.

Decided Nov. 25, 1986.

Jesus Hernandez Sanchez, San Juan, on brief for plaintiff, appellant.

Gregory T. Usera, Carl Schuster and McConnell Valdes, Kelley Sifre Griggs & Ruiz-Suria, San Juan, on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

This appeal presents the question whether the dismissal of an action plaintiff brought in a court of the Commonwealth of Puerto Rico contending he had been wrongfully discharged acted as a bar, under res judicata principles, to a subsequent age discrimination action brought in the federal district court.

The facts are these. Plaintiff was discharged on July 29, 1983. Later that year he filed an action in the Superior Court of Puerto Rico complaining of two things: 1) that defendant employer had failed to compensate plaintiff for overtime hours worked in the past ten years and 2) that defendant had dismissed plaintiff "in an unjustified manner" without paying the sums due under P.R. Laws Ann. tit. 29, § 185a (1985). It is the judgment dismissing the latter (section 185a) claim which is asserted as a bar. Section 185a provides that an employee discharged "without good cause" shall be entitled to receive "(a) the salary corresponding to one month as indemnity [and] (b) an additional progressive indemnity equivalent to one week for each year of service." Plaintiff's complaint in the Superior Court had said nothing about age discrimination. Three months later, plaintiff filed an action in the United States District Court for the District of Puerto Rico contending he had been discharged because of age and invoking the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Several months later, plaintiff moved in the Commonwealth court to withdraw his section 185a claim. The reason stated in the motion for the withdrawal was that plaintiff had filed an ADEA complaint in federal court. He felt the remedies available under the ADEA were more "liberal" than those under P.R. Laws Ann. tit. 29, § 185a (1985), and he was "interested in litigating [his] dismissal at the Federal Court." Defendant responded, seemingly acceding to plaintiff's desire to litigate in federal court, stating in part as follows:

> That due to the notice of dismissal filed by Party Plaintiff whereat it is indicated that the alleged discriminatory dismissal shall be litigated under ADEA, which is a more liberal statute with more comprehensive remedies ... then understand that the dismissal of said cause of action under [P.R. Laws Ann. tit. 29, § 185a (1985)] shall be *with prejudice....*

The import of this, in our view, was that defendant did not object to proceeding with the ADEA action in federal court, but wanted the particular section 185a action to be disposed of once and for all by having it dismissed with prejudice. Plaintiff replied he had no objection to the section 185a claim being dismissed with prejudice provided he could prosecute his ADEA action in federal court. Thereafter, the Superior Court dismissed the section 185a action with prejudice and granted summary judgment for defendant on the overtime claim.

It is clear from the foregoing that plaintiff never expected that his voluntary dismissal with prejudice of his section 185a claim would bar him from litigating his ADEA claim. Yet, that is what happened. Pointing to the dismissal with prejudice which defendant argued acted as an adjudication on the merits, noting that res judicata principles bar litigation of not only theories actually litigated, but also those which could have been litigated in the first action, and contending that plaintiff could have litigated his ADEA action in the Commonwealth court along with his section 185a action, defendant argued plaintiff's ADEA action was now barred. The district court agreed and dismissed the complaint.

■ A federal court must give the same preclusive effect to the dismissal of the section 185a claim as a Commonwealth court would give to it. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). Thus, if the Superior Court judgment dismissing with prejudice plaintiff's section 185a action would bar plaintiff from litigating an ADEA action in a Commonwealth court, plaintiff may not litigate the ADEA claim in federal court. We turn then to Puerto Rico law.

■ Defendant is correct that under Puerto Rico law a voluntary dismissal with prejudice is an adjudication on the merits and bars a party from relitigating the same cause of action. *See Medina v. Chase Manhattan Bank,* 737 F.2d 140 (1st Cir. 1984) (res judicata effect of voluntary dismissal with prejudice under Puerto Rico law). And we shall assume, without deciding, that the section 185a claim and

the ADEA claim have the requisite "perfect identity [of] ... things, causes, and persons" within the meaning of P.R. Laws Ann. tit. 31, § 3343 (1968), such that normally the judgment dismissing the section 185a claim would bar the ADEA action. In other words, we assume that the section 185a claim and the ADEA one are but different theories of recovery asserted in support of a single cause of action. On that premise, but for the exception discussed below, we would affirm the judgment of the district court dismissing the complaint.

■ Nevertheless, we conclude that the ADEA action is not barred. This is because a recognized exception to the general rule prohibiting claim splitting is that if the parties agree, or a defendant implicitly assents, to a plaintiff splitting his claim, then a judgment in an earlier action which normally would bar the subsequent action will not. *See Restatement (Second) of Judgments* § 26(1)(a) (1982) (normal res judicata rules do not apply if the "parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein"). And a defendant consents or acquiesces when he fails timely to object. *Restatement (Second) of Judgments* § 26, comment a, illustration 1, gives as an example of acquiescence, a defendant who, while two actions on parts of the same claim are pending, fails to object to the claim splitting. If, after judgment enters on one of the two, the defendant then moves to dismiss the second on res judicata grounds, the motion should be denied, the Restatement indicates. The rationale is that a main purpose behind res judicata principles is to protect a defendant from the harassment of multiple actions. A defendant who fails timely to complain waives the benefit.

■ That is what happened here. While the two actions were pending against defendant, defendant did not complain that plaintiff was splitting his cause of action and forcing defendant to defend in two forums. And when plaintiff made it clear that he was voluntarily dismissing his sec-

tion 185a action only because he intended to litigate his discharge in federal court, defendant did not object at all to this manner of proceeding. Rather, apparently agreeing that the ADEA litigation take place in federal court, defendant waited until after the dismissal before raising a claim splitting objection. That was too late.

While we have found no directly controlling Puerto Rico cases, we believe the Commonwealth courts would reach the same result we have reached here. In Puerto Rico, as in common law jurisdictions, a main objective underlying res judicata is to prevent a defendant from being harassed by multiple litigation. *See, e.g., Perez v. Bauza*, 83 P.R.R. 213, 217–18 (1961). Nothing prevents a defendant from waiving this benefit. And, in Puerto Rico, "[t]he presumption of res judicata has well defined exceptions at law of an equitable order." *Pagan Hernandez v. University of Puerto Rico*, 7 Puerto Rico Supreme Court Official Translations 795, 806 (1978). The waiver principle embodied in the *Restatement (Second) of Judgments* § 26(1)(a) (1982), applied to defendant who, seemingly agreeing to plaintiff's desire to litigate in federal rather than Commonwealth court, asked only that the section 185a claim be dismissed with prejudice suggesting defendant wanted the section 185a theory alone to be finally disposed of, is but one "exception ... of an equitable order" we believe the Puerto Rico courts would apply were they confronted with a similar factual situation.

*The judgment of the district court dismissing plaintiff's complaint is vacated and the case is remanded for further proceedings.*