**In re: Kenneth BATTRAM, Debtor,**

**Kenneth Battram, Appellant,**

**v.**

**Lois Battram, an individual; B & B Acquisitions LLC, a California limited liability company, Appellees.**

No. 00–57159.
D.C. No. CV–00–07429–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided March 5, 2002.

DENIED as moot.

Before BEEZER, TASHIMA and GRABER, Circuit Judges.

## MEMORANDUM *

Kenneth Battram ("Kenneth") appeals from the judgment of the district court affirming the granting of summary judgment by the bankruptcy court in favor of defendants Lois Battram and B & B Acquisitions LLC (collectively "B & B"). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

We review de novo the judgment of the district court affirming the judgment of the bankruptcy court. *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir.2001). We review de novo the bankruptcy court's conclusions of law. *Id.*

### I

Kenneth argues that B & B's acquiescence to treating the alleged discount on the promissory note as separate from the Playa Pacifica II, Ltd. ("Playa") bankruptcy estate bars B & B from arguing that his claims in this action are res judicata by Playa's confirmed Chapter 11 reorganization plan. We disagree.

The doctrine of acquiescence may bar a party from raising res judicata as a defense against a claim where the party assented to simultaneous prosecutions of a single claim or the splitting of one claim into two separately prosecuted claims. *Dodd v. Hood River County*, 59 F.3d 852, 862 (9th Cir.1995). The case on which Kenneth relies, *Calderon Rosado v. General Electric Circuit Breakers, Inc.*, 805 F.2d 1085 (1st Cir.1986), involves a claim dismissed in favor of *continued* prosecution of the same claim in a separate action. *See*

*id.* at 1086. None of these situations is present in this case.

Kenneth did not list the discount as an asset of his estate until after the Playa plan was confirmed. Acquiescence to splitting a claim or to its continued prosecution in another forum does not waive the defense of res judicata against a *subsequent* claim. The doctrine of acquiescence is inapplicable. *Clements v. Airport Auth.*, 69 F.3d 321, 328–29 (9th Cir.1995). Kenneth does not otherwise show that B & B waived the res judicata defense.

### II

Kenneth challenges the bankruptcy court's holding that his claim for breach of contract is barred by the confirmed Playa plan. We reject his challenge.

A confirmed plan "is binding on all parties[,] and all questions that could have been raised pertaining to [it] are entitled to res judicata effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir.1997) (citing 11 U.S.C. § 1141(a)). Kenneth and B & B were parties to both bankruptcy proceedings. If the alleged discount on the note should have been disclosed in the plan, claims founded on the discount are barred by the confirmed plan. *Id.*

Any contractual right Kenneth had to a prepayment discount should have been disclosed in the Playa plan. Playa was the note's guarantor. As Playa's creditor, Kenneth had to disclose all claims pertaining to the estate. *See Kelley v. S. Bay Bank (In re Kelley)*, 199 B.R. 698, 702 (9th Cir.BAP 1996). As Playa's general partner, Kenneth is bound by the confirmed plan's terms. 11 U.S.C. § 1141(a) (2000). "[C]reditors who do not wish to release third party debtors pursuant to the principal debtor's plan of reorganization should

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

object to confirmation .... *[C]ollateral attack [on the plan] is unavailable.'* " *Trulis*, 107 F.3d at 691 (emphasis added in original) (quoting 5 Collier on Bankruptcy ¶ 1141.01[1] (L. King ed., 15th ed.1995)). The alleged discount contract was not disclosed in the confirmed Playa plan. Kenneth's breach of contract claim based on the alleged discount contract is barred.

Kenneth argues that he had a mistaken understanding of the confirmed plan's effect. Such an oversight does not change the res judicata effect of the confirmed plan upon his breach of contract claim. *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 634 (9th Cir.1990).

### III

Kenneth argues that the bankruptcy court's judgment deprived his creditors of property without due process. We reject this argument.

Kenneth's creditors had adequate notice and opportunity to participate in the Playa bankruptcy. Applying the preclusive effects of the confirmed Playa plan to Kenneth's personal bankruptcy does not violate due process. *Clements*, 69 F.3d at 331–32; *California v. FCC*, 905 F.2d 1217, 1245 (9th Cir.1990).

### IV

We conclude that the bankruptcy court properly granted summary judgment on the breach of contract claim.

Kenneth waived his fraud claim at oral argument.[1] He raises no arguments on appeal regarding his promissory estoppel,

unjust enrichment, or conversion claims. We deem them abandoned. *Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir.2000) (per curiam), *cert. denied*, 531 U.S. 1077, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001).

AFFIRMED.

---

1. The following colloquy took place between this Court and Kenneth's counsel:

    Counsel: [W]e're not claiming that B & B defrauded us. That is not our claim.... [I]f there were such a claim, [it] would be barred by [11 U.S.C. § 1144 (2001)].

    Court: You're not claiming that there was any fraud?
    Counsel: No.