# United States Court of Appeals
## For the First Circuit

No. 05-2749

MARIA DE LOS ANGELES BARRETO-ROSA et al.,

Plaintiffs, Appellants,

v.

ALEIDA VARONA-MENDEZ et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. DANIEL R. DOMINGUEZ, U.S. District Judge]

Before

Selya, Circuit Judge,
Siler,* Senior Circuit Judge,
and Howard, Circuit Judge.

Marie Elsie Lopez-Adames, and Gonzalez-Lopez & Lopez-Adames, on brief, for appellant.
Nerylu Fiueroa Estasie, and Sanchez Betances, Sifre, Munoz Noya & Rivera, P.S.C, and Pedro J. Varela on brief, for appellees.

December 1, 2006

*Of the Sixth Circuit, sitting by designation.

**SILER**, <u>Senior Circuit Judge</u>.  Plaintiff Maria de los Angeles Barreto-Rosa appeals the district court's summary judgment in her 42 U.S.C. § 1983 claim against Aledia Varona-Mendez, Yolanda Zayas, and the Administration for Child Support Enforcement (collectively, "Defendants").  We AFFIRM because Barreto-Rosa's claim is barred by the doctrine of <u>res</u> <u>judicata</u>.

**I.**

In February 2002, Barreto-Rosa, an Administrative Judge in the Administration for Child Support Enforcement ("ASUME"), filed an injunction petition in the Court of First Instance of the Commonwealth of Puerto Rico requesting relief from an order that would transfer her to a distant ASUME office.  Barreto-Rosa's claim was dismissed in July 2002, but she appealed to the Puerto Rico Circuit Court of Appeals.

In October 2002, while her appeal was pending, Barreto-Rosa filed this § 1983 suit in the United States District Court for the District of Puerto Rico, alleging various violations of her civil rights based on her political affiliation with the New Progressive Party.  In December 2002, Defendants filed a motion for summary judgment in lieu of an answer, arguing that <u>res</u> <u>judicata</u> barred her § 1983 claim.  In September 2003, the district court issued an Opinion and Order abstaining from hearing the case at that time based on <u>Colorado River Water Conservation Dist.</u> v. <u>United States</u>,

424 U.S. 800 (1976).[1]  The district court also found that res judicata could not yet be applied because "while the same litigants are involved and essentially the same issues are discussed . . . [i]n the case at bar, there i[s] no 'final and appealable' decision, since the judgment of the Court of First Instance was appealed . . . and is still pending."

In November 2003, the Circuit Court of Appeals of Puerto Rico vacated the dismissal and remanded Barreto-Rosa's equitable claims to the Court of First Instance for an evidentiary hearing.  In October 2004, Barreto-Rosa requested that the Court of First Instance dismiss these claims with prejudice because they were moot and adequate redress was pending in federal court.[2]  This request was timely granted.  In December 2004, Defendants filed a second motion for summary judgment based on res judicata, arguing that the Court of First Instance's dismissal with prejudice of Barreto-Rosa's claims was a final and unappealable judgment that precluded Barreto-Rosa's § 1983 claim.  In June 2005, the district court referred the issue to a magistrate judge for a Report and Recommendation ("Magistrate's Report").  The Magistrate's Report

---

[1]The district court reasoned that abstention was proper in order to "avoid duplicative litigation and because the local court case may decide the outcome of the instant case."

[2]The minutes from the Court of First Instance state that "the plaintiff desists with prejudice of its claim exclusively of an injunction since due to the passing of time it has become moot.  It also informs the Court that the tort action is filed in the Federal Court."

later recommended denial of Defendants' motion for summary judgment, finding that Barreto-Rosa's claims were within the exception of Calderon-Rosado v. Gen. Elec. Circuit Breakers, 805 F.2d 1085, 1087 (1st Cir. 1986).[3]

The district court disagreed with the Magistrate's Report, finding that Barreto-Rosa's claim did not fit within the Calderon-Rosado exception because the Defendants "expressly objected [to] plaintiff's splitting of claims between state and this federal court[] from the very beginning of the case."[4]  The district court granted Defendants' motion for summary judgment in September 2005.[5]

Barreto-Rosa now appeals the district court's summary judgment termination of her § 1983 claim.

**II.**

This court reviews a grant of summary judgment *de novo*. Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006).  All facts and reasonable inferences are construed in a light most

---

[3]The Calderon-Rosado exception, discussed in detail *infra*, is a waiver exception to res judicata providing that if the parties agree or a defendant implicitly assents to the splitting of a plaintiff's claims, the defense of res judicata is waived.

[4]The district court also noted that it had alerted Barreto-Rosa to the possibility of the res judicata bar in its September 2003 Opinion and Order.  ("Plaintiff's failure to file all available claims that could have been plead in the state of federal forum, caused an unnecessary splitting of the actions, and is subject to the 'final and unappealable' decision of the local court.").

[5]The district court entered an Amended Opinion and Order in October 2005.

-4-

favorable to the nonmoving party.  DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005).  "The mere existence of a scintilla of evidence" in favor of the nonmoving party is insufficient to defeat summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.

Federal courts are required to give full faith and credit to a final judgment issued by a court of the Commonwealth of Puerto Rico.  See Allen v. McMurry, 449 U.S. 90, 95-96 (1980) (finding that federal courts generally accord full faith and credit to state court judgments); Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000); see also 28 U.S.C. § 1738 (providing that records and judicial proceedings of every court within the United States, Territories and Possessions shall have the same full faith and credit that they have by law in the State, Territory or Possession in which they are taken).[6]  Therefore, Puerto Rico law dictates the preclusive effect of such a judgment.  Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000).  Under Puerto Rico law, res judicata and collateral estoppel preclude the relitigation of claims and issues that were, or could have been, brought in a

---

[6]Section 1738, although not literally applicable to Puerto Rico, applies to judgments of the Puerto Rico courts by virtue of the provisions of 48 U.S.C. § 734 (stating that, unless otherwise specified, federal statutes applicable to states apply to Puerto Rico).  See Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 28 n.1 (1st Cir. 1998).

previous action for which judgment has been rendered.[7]  Baez-Cruz,

140 F.3d at 28 n.1.  Puerto Rico's preclusion doctrine provides:

> In order for that the presumption of res adjudicata be
> valid in another suit, it is necessary that, between the
> case decided by the sentence and that in which the same
> is invoked, be the most perfect identity between the
> things, causes and person of the litigants, and their
> capacity as such.

31 P.R. Laws Ann. §3343.

Although the statute only mentions res judicata, or claim

preclusion, it also permits collateral estoppel by judgment, or

issue preclusion.  See Texaco Puerto Rico, Inc. v. Medina, 834 F.2d

242, 245-46 (1st Cir. 1987) (citing A & P Gen. Contractors v.

Associacion Cana, Inc., 10 P.R. Offic. Trans. 987, 995-96 (1981)).

Puerto Rico law requires a prior judgment on the merits that is

"final and unappealable" for res judicata to apply.  Cruz v.

Melecio, 204 F.3d 14, 20-21 (1st Cir. 2000).  A voluntary dismissal

with prejudice is considered a "final and unappealable" judgment

under Puerto Rico Law.  Medina v. Chase Manhattan Bank, 737 F.2d

140, 142 (1st Cir. 1984).

**A.**

Calderon-Rosado stands for the proposition that if a defendant

fails to object to claim splitting prior to an adjudication on the

---

[7]Federal courts hearing § 1983 actions must accord the same preclusive effect to state court judgments, both as to claims and issues previously adjudicated, as would be given in the state court system in which the federal court sits.  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83-84 (1984).

merits of the first claim, the res judicata defense may be deemed waived in the second claim. See Calderon-Rosado, 805 F.2d at 1087. The policy behind this exception is that it would be unfair to allow a defendant to use res judicata to defend a second claim if, influenced by its consent to the claim splitting, the plaintiff voluntarily dismissed its first claim.

In Calderon-Rosado, the plaintiff filed claims against his employer in the Superior Court of Puerto Rico alleging "unjust dismissal." He subsequently filed a similar suit in federal district court under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. While both suits were pending, the plaintiff moved to dismiss his claims in Superior Court, explaining to the court his reasoning that the remedies under the ADEA were more liberal. At no time prior to the dismissal did the employer object to facing claims in different courts. The employer also made statements acknowledging that the claims would proceed in federal court. Id. at 1086. However, once the claims were dismissed, the employer sought summary dismissal on res judicata grounds. The district court agreed and dismissed the plaintiff's ADEA claims. Id.

We reversed the dismissal of the plaintiff's ADEA claims, applying the "recognized exception to the general rule prohibiting claim splitting [] that if the parties agree, or a defendant implicitly assents, to a plaintiff's splitting his claim, then a

-7-

judgment in an earlier action which normally would bar the subsequent action will not." Id. at 1087 (citing Restatement (Second) of Judgments § 26(1)(a) (1982)). We found that the employer consented to the claim splitting when he made affirmative statements acknowledging that the claims in federal court would proceed and also failed to object to the claim splitting at any point in the litigation. Id. (citing Restatement (Second) of Judgments § 26, cmt. a, illus. 1).

Barreto-Rosa argues that this case falls within the Calderon-Rosado exception because the Defendants effectively consented to the claim splitting when they failed to object to her statement during the hearing on the motion to dismiss before the Court of First Instance that a claim was pending in federal court. However, the Defendants' failure to object at that hearing does not constitute consent for purposes of Calderon-Rosado. Thus, the exception is inapplicable here.

Consent in Calderon-Rosado was based on the employer's affirmative statements acknowledging the claim splitting as well as his failure to object. The Defendants in this case made no such affirmative statements and had expressly objected twice in federal court to the claim splitting when Barreto-Rosa made the statement to the Court of First Instance. Thus, the implicit consent justifying the exception in Calderon-Rosado is simply not present

here because Barreto-Rosa was fully aware of the Defendants' objection to the claim splitting.

It is of no consequence that the Defendants never objected to the Court of First Instance because their objections in federal court are not only sufficient, but likely mandatory. It is an open question under Puerto Rico law at what point prior to an adjudication on the merits of the first claim that an objection to claim splitting must be brought.[8] However, here it is of no consequence because the Defendants raised an objection to the claim splitting in their first responsive pleading to the complaint in federal court – their motion for summary judgment.

Therefore, because the Defendants' objections in federal court served adequate notice to Barreto-Rosa of their protest to the claim splitting, the Calderon-Rosado exception is inapplicable in this case.

**B.**

Barreto-Rosa's next argument is that regardless of whether the Calderon-Rosado exception applies, res judicata should otherwise not bar her federal claim because: (1) the Defendants never objected to the claim splitting to the Court of First Instance; (2) she specifically reserved her right to litigate in the federal

---

[8]Other states require objection at this point. See, e.g., Thompson v. Gaudette, 92 A.2d 342 (Me. 1952) (requiring objection "at the earliest possibility").

court; and (3) public policy considerations weigh in favor of finding an exception to res judicata in this case.

Barreto-Rosa's first contention in this respect is that res judicata is inapplicable because neither she nor the Court of First Instance expected the voluntary dismissal with prejudice of her initial claims to bar her § 1983 claim. This argument is unavailing as Barreto-Rosa should have known that the dismissal with prejudice would bar her federal claims because of res judicata. In its September 2003 Order, the district court analyzed the res judicata issue at length. Specifically, the district court found that the first two requirements were present, and that once the third requirement was met, a "final and unappealable" decision, res judicata might apply. Therefore, when Barreto-Rosa voluntarily sought dismissal of her claims before the Court of First Instance, she should have known that res judicata would likely bar her § 1983 claim.

Barreto-Rosa's next argument is that she specifically reserved her right to litigate her federal claims in federal court in her initial injunction petition before the Court of First Instance. Barreto cites England v. Louisiana State Bd. of Medical Exam'rs, 375 U.S. 411 (1964), for the proposition that a plaintiff may preserve his right to litigate his federal claims in federal court after litigating state claims in state court. As this circuit has held, an England reservation allows "a form of abstention that

permits the federal court, in effect, to ask a state court to clarify a murky question of state law involved in the case, while permitting the plaintiff to return to the federal forum for a determination of the federal question after the state court has decided the issue of state law." Duty Free Shop, Inc. v. Administracion De Terrenos, 889 F.2d 1181, 1183 (1st Cir. 1989).

However, an England reservation is inapplicable in this case because Barreto-Rosa identified no unsettled state law question that required federal court abstention. Moreover, this circuit's precedent suggests that for an England reservation to be effective, a plaintiff must initially file suit in federal court and have the district court abstain from hearing the case pending resolution of the state claims in state court. Allen v. McMurry, 449 U.S. 90, 101 n.17 (1980); see also Partido Nuevo Progresista v. Perez, 639 F.2d 825, 826 n.2 (1st Cir. 1980). In this case, Barreto initially filed suit in the Court of First Instance of Puerto Rico.

Barreto-Rosa's final argument is that public policy considerations require an exception to res judicata. Puerto Rico's doctrine of res judicata contains several exceptions. Res judicata may not apply if: (1) the prior judgment was rendered pursuant to an invalid acceptance of the claim by defendant; (2) the prior judgment was entered by a court without jurisdiction; (3) appeal from the prior judgment was attempted but could not be accomplished and appellant was not at fault; (4) there is fraud; (5) there would

-11-

be a miscarriage of justice; or (6) public policy demands an exception to res judicata. See Medina v. Chase Manhattan Bank, 737 F.2d 140, 144 (1st Cir. 1984). "[C]ourts have refused to apply rigidly the defense of res judicata if in so doing it defeats the ends of justice, especially if reasons of public policy are involved." Perez v. Bauza, 83 D.P.R. 220, 226 (1962).

The first four exceptions are inapplicable in this case. There is only one case in this circuit considering Puerto Rico's "miscarriage of justice" exception. In Medina, this court found no "miscarriage of justice" when the lower court dismissed plaintiff's claim with prejudice despite the plaintiff's request for dismissal without prejudice. Medina, 737 F.2d at 143-44. This court refused to second guess the lower court's decision to dismiss with prejudice even though res judicata would deny the plaintiff the opportunity to litigate his claim. Id. This case is even stronger: Barreto-Rosa voluntarily made the request to dismiss with prejudice, thereby denying herself the opportunity to litigate her claim.

The final exception, rooted in public policy, similarly does not apply. This exception was successfully argued in two cases. In Perez v. Bauza, the court granted an exception to res judicata in a paternity suit because the court did not want to punish the child for the mother's mistake. Id. at 226-27. The exception was also applied in Millan Soto v. Caribe Motors Corp., 83 D.P.R. 494

-12-

(1961), where the court allowed an exception because the acceptance of the contract at issue in the previous judgment had been obtained by deceit, the contract was defective and violated Puerto Rico law, and the previous judgment was made in a summary and special proceeding. Id. at 480-81. In this case, Barreto-Rosa's tactical error was her own decision and was not the result of fraud, illegality, or any other outside force. Public policy does not demand an exception in this case.

## IV.

For the foregoing reasons, we affirm the entry of summary judgment terminating Barreto-Rosa's §1983 claim.

**<u>Affirmed</u>**.