**Luis Adames MILAN, et al., Plaintiffs,**

v.

**CENTENNIAL COMMUNICATIONS CORP., et al., Defendants.**

**Civil No. 05–1377(GAG).**

United States District Court, D. Puerto Rico.

July 2, 2007.

Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Guaynabo, PR, for Plaintiffs.

Jorge L. Capo–Matos, Jose F. Benitez–Mier, Eileen Marie Garcia–Wirshing, O'Neill & Borges, San Juan, PR, for Defendants.

## OPINION AND ORDER

GELPI, District Judge.

Former employees of Centennial Puerto Rico Cable T.V. Corp. and their spouses brought this action, alleging that Defendants' termination of Plaintiff-employees violated the Worker Adjustment and Retraining Notification Act and Puerto Rico Law No. 80. The matter is before the court on Defendants' motions to dismiss. In these motions, Defendants claim that *res judicata* precludes the complaint as to some of the Plaintiffs. After reviewing the pleadings and pertinent law, the court **GRANTS** Defendants' motions to dismiss (Docket Nos. 62, 63, 76, 89).

## I. Relevant Factual and Procedural Background

The following facts are taken from Plaintiffs' amended complaint. *See* Docket No. 38. Centennial Puerto Rico Cable T.V. Corp. ("CPRCTV") is a foreign corporation which offers Cable TV services in parts of Puerto Rico. *Id.* at ¶ 4.3. In late 2004 or early 2005, Centennial Communications Corp. ("CCC"), CPRCTV's parent company, sold CPRCTV to Hick, Muse, Tate & Furst, Inc. ("HMTF") for $155 million. *Id.* at ¶¶ 4.2, 4.6. Centennial Puerto Rico Operations Corp. ("CPROC") and Puerto Rico Cable Acquisition Corp. ("PRCAC"), the other Defendants in this case, carried out the sale of CPRCTV. *Id.* at ¶¶ 3.3, 3.5.

On January, 18, 2005, Defendants transported Plaintiff-employees to the Ponce Hilton to attend a corporate conference. *Id.* at ¶ 4.13. During such conference, Ms. Angelica Miranda, Defendants' Human Resources Director, informed Plaintiff-employees that they were being "laid-off." *Id.* at ¶ 4.15. This reduction in force affected 85 out of 228 employees at Defendants' place of employment. *Id.* at ¶ 4.16. None of the Plaintiff-employees was termi-

nated for cause. *Id.* at ¶ 4.19. Prior to January 18, 2005, Defendants did not inform Plaintiff-employees of their intent to separate Plaintiff-employees from their employment. *Id.* at ¶ 4.25.

On April 6, 2005, Plaintiffs brought this suit, alleging that Defendants' reduction-in-force plan violated the Worker Adjustment and Retraining Notification Act ("WARN Act") 29 U.S.C. §§ 2101 et seq. because Defendants did not give Plaintiff-employees a 60-day termination notification. *See* Docket No. 1. On February 13, 2006, Plaintiffs amended their complaint to allege that Plaintiff-employees were unjustly dismissed from their employment in violation of Puerto Rico Law No. 80, P.R. Laws Ann. tit. 29 §§ 185 et seq. ("Law 80"). *See* Docket No. 38. Defendants answered the amended complaint on March 29, 2006. *See* Docket No. 50. In that answer, Defendants argued that Plaintiffs are barred from bringing this complaint because they executed valid agreements releasing Defendants from all claims relating to their employment. *Id.* at 16–17.

The court has before it four motions to dismiss. Defendants filed the first two motions on July 10, 2006. *See* Docket Nos. 62, 63. Plaintiffs opposed these motions on July 19, 2006. *See* Docket No. 64. On January 17, 2007, Defendants filed the third motion to dismiss. *See* Docket No. 76. Plaintiffs opposed this motion on January 25, 2007. *See* Docket No. 77. Finally, on April 20, 2007, Defendants filed the fourth motion to dismiss. *See* Docket No. 89. Plaintiffs opposed this motion on April 27, 2007. *See* Docket No. 90. On May 3, 1997, Defendants filed a reply to Plaintiffs' opposition. *See* Docket No. 91. In all four motions to dismiss, Defendants claim that *res judicata* precludes the instant complaint as to some of the Plaintiffs because the Commonwealth courts found

that the named Plaintiffs executed valid agreements releasing Defendants from all claims relating to their employment. The motions differ in the Plaintiffs included in each.

## II. Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). When ruling on a motion to dismiss grounded on Rule 12(b)(6), the court will take the facts affirmatively alleged by plaintiff as true and construe the disputed facts in the light most favorable to the plaintiff without crediting conclusory allegations. *See Berezin v. Regency Savings Bank*, 234 F.3d 68, 70 (1st Cir.2000); *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir.1994). The court may grant dismissal only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. Legal Analysis

 Under 28 U.S.C. § 1738, federal courts must give the same effect to a state or territory judgment as the issuing jurisdiction would. *Barreto–Rosa v. Varona–Mendez*, 470 F.3d 42, 45 (1st Cir.2000) (citing *Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir.2000)). Because the court is called upon to determine the preclusive effect of judgments entered by a Puerto Rico court, Puerto Rico law supplies the rule of decision. *R.G. Financial Corp. v. Vergara–Nunez*, 446 F.3d 178, 183–84 (1st Cir.2006) (citing *Perez–Guzman v. Gracia*, 346 F.3d 229, 233–34 (1st Cir.2003)). Under Puerto Rico law, *res judicata* precludes the subsequent litigation of all claims or issues that were or could have been asserted in a prior action. *Barreto–Rosa*, 470 F.3d at 45. Puerto Rico's preclusion statute provides that *res judicata* applies when there is "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." P.R. Laws Ann. tit. 31 § 3343. A prior judgment on the merits must be final and unappealable for *res judicata* to apply. *Cruz*, 204 F.3d at 20–21.

Plaintiffs claim that *res judicata* does not bar their claims because the previous Commonwealth actions and the instant federal case lack the perfect identity of cause and parties. Alternatively, Plaintiffs argue that Defendants consented to claim splitting. Below, the court analyzes Plaintiffs' arguments.

### A. Perfect Identity: Cause

The first issue that the court must decide is whether the previous Commonwealth actions and the instant federal case possess the perfect identify of cause. At the outset, the court notes that Puerto Rico courts do not interpret the phrase "perfect identity" literally. *Id.* at 19. Actions share a perfect identity of cause "when they flow from the same principal ground or origin." *Vergara–Nunez*, 446 F.3d at 183 (citing *Lausell Marxuach v. Diaz de Yanez*, 103 D.P.R. 533, 536, 3 P.R. Offic. Trans. 742, 746 (1975)). In this regard, Puerto Rico follows the general contours of the transactional approach in its *res judicata* jurisprudence. *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 61–62 (1st Cir.2000) (citing Restatement (Second) of Judgments § 24(1) (explaining that a valid and final judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose")). Because the WARN Act

and Law 80 treat waiver agreements differently, the court examines them separately in the identity of cause analysis.

### 1. WARN Act Claim

The court must evaluate the preclusive effect of three judgments stemming from four Commonwealth actions. Plaintiffs Germinio Ramos Feliciano, Roberto Vargas Santiago, Anthony Rodriguez Valentin, and Pedro Hernandez Aviles filed the first Commonwealth action on January 18, 2006 before the Puerto Court of First Instance, Ponce Section ("CFI"). *See* Docket No. 62–3. In that action, Plaintiffs alleged that CPRCTV, PRCAC, and Choice Cable T.V. ("CCTV") violated Puerto Rico Workers Accident Compensation Act when they terminated Plaintiffs around January 18, 2005. *Id.* at ¶ 8. On April 3, 2006, Defendants moved to dismiss the complaint on the ground that Plaintiffs had signed a separation agreement releasing Defendants from all claims relating to their employment. *See* Docket No. 62–5 at pp. 1–2. Plaintiffs opposed that motion by arguing: "that they signed said agreement through trickery and deceit," "without being duly counseled," and "that when receiving orientation in the office of plaintiffs' current attorney, they decided to 'retract' from the agreement signed." *Id.* at 3. On May 22, 2006, the CFI rejected these arguments and held that the separation agreement was valid. *Id.* Accordingly, the court dismissed Plaintiffs' complaint. *Id.* at 4. The parties agree that this ruling is now final.

Plaintiff Berta Nunez Rentas filed the second Commonwealth action on January 18, 2006 before the CFI. *See* Docket No. 63–3. In that action, Plaintiff alleged that CPRCTV, PRCAC, and CCTV violated the Automobile Accident Compensation Act when they terminated Plaintiff around January 18, 2005. *Id.* at ¶ 5. On April 3, 2006, CCTV moved to dismiss the complaint on the ground that Plaintiff had

signed a separation agreement releasing Defendants from all claims relating to their employment. *See* Docket No. 63–5 at p. 1. Plaintiff opposed that motion by arguing "that she offer[ed] her consent through trickery, deceit, and insidious machinations." *Id.* at 2. On May 18, 2006 the CFI rejected these arguments and held that Plaintiff had agreed to settle all claims. *Id.* at 4. In exchange for such release, CCTV paid Plaintiff $1,492.40 and her health plan until March 31, 2005. In light of the above, the court dismissed Plaintiff's complaint. *Id.* at 5. The parties agree that this ruling is now final.

Defendant PRCAC filed the last two Commonwealth actions on February 15, 2005 and April 7, 2005 before the CFI. *See* Exhibit A, Docket No. 76. In those actions, PRCAC sought a declaratory judgment against some of the Plaintiffs in this federal suit that the separation agreements signed by them are valid. *Id.* at 6. On June 20, 2006, the CFI dismissed both complaints. *See* Exhibit B, Docket No. 76 at p. 2. The Puerto Rico Appellate Court reversed the CFI on November 29, 2006. *Id.* at 25. After carefully reviewing the provisions of the separation agreements, the court found the agreements to be valid. *Id.* at 23. Specifically, the court found that "the consent of the former employees was given when they signed, freely and voluntarily, the Releases" in exchange for compensation. *Id.* at 23–24. Accordingly, the court entered a declaratory judgment that "the termination from employment agreements and general release subscribed by appellees are valid, consummated, and irrevocable." *Id.* at 26. The parties agree that this ruling is now final.

 Plaintiffs argue that these Commonwealth actions and Plaintiffs' WARN Act claims do not possess the perfect identify of cause because they have different causes of action and because Plain-

tiffs could not have brought their WARN Act claims in local court. The court is not persuaded. Plaintiffs' arguments mistake "the legal cause of action for the factual 'cause' contemplated by Puerto Rico's preclusion statute: preclusion requires an identity of the latter, nor the former." *Baez–Cruz v. Municipality of Comerio*, 140 F.3d 24, 30 (1st Cir.1998). Here, all federal and state claims arise out of a single nucleus of operative facts, namely Defendants' reduction-in-force plan. It is irrelevant whether Plaintiffs could not have brought their WARN Act claims in local court.[1] *See Baez–Cruz*, 140 F.3d at 30 (rejecting plaintiffs' argument that *res judicata* did not bar their § 1983 claims because prior state administrative proceeding dismissing plaintiffs' state law claims lacked jurisdiction to hear § 1983 claims). The applicable doctrine with respect to Plaintiffs' WARN Act claims is one of issue preclusion, not claim preclusion. Issue preclusion "forecloses relitigation in a subsequent action of a fact essential for rendering a judgment in a prior action between the same parties, even when different causes of action are involved." *Texaco Puerto Rico, Inc. v. Medina*, 834 F.2d, 242, 245 (1st Cir.1987) (citing *A & P Gen. Contractors, Inc. v. Asociacion Cana*, 10 P.R. Offic. Trans. 984, 996 (1981)). Here, the Commonwealth courts determined that the Plaintiffs named in the motions to dismiss before the bar executed valid agreements releasing Defendants from all claims relating to their employment. *See* Docket No. 62–5 at p. 3; Docket No. 63–5 at p. 2; Exhibit B, Docket No. 76 at p. 23. In light of the above, the court concludes that the Commonwealth actions and Plaintiffs' WARN Act claims possess the requisite identity of cause.

1. The court expresses no opinion as to whether federal courts have exclusive jurisdiction

### 2. Law 80

Unlike the WARN Act, Law 80 contains a provision establishing that the right to compensation is unwaivable. *See* P.R. Laws Ann. tit. 29 § 185i. The effect of this provision is that the prior Commonwealth judgments on the validity of the waiver agreements do not have an issue preclusive effect on the Law 80 claims brought by the Plaintiffs named in the motions to dismiss before the bar. Still, the court must consider whether those Plaintiffs' Law 80 claims are barred by claim preclusion. Claim preclusion "generally binds parties from litigating or relitigating any [claim] that was or could have been litigated in a prior adjudication...." *Gener–Villar v. Adcom Group, Inc.*, 417 F.3d 201, 205 (1st Cir.2005) (quoting *Futura Dev. Corp. v. Centex Corp.*, 761 F.2d 33, 42 (1st Cir.1985)).

Plaintiffs in the first two Commonwealth actions ("local Plaintiffs") sued CPRCTV, PRCAC, and CCTV alleging that they violated the State Insurance Fund and the Automobile Accident Compensation Act when they terminated Plaintiffs around January 18, 2005. *See* Docket No. 62–3 at ¶ 8; Docket No. 63–3 at ¶ 5. These terminations stem from Defendants' reduction-in-force plan. Likewise, the Law 80 claims that these local Plaintiffs now assert in federal court also arise from Defendants' reduction-in-force plan. Given this common nucleus of operative facts, the court finds that instant Law 80 claims of the local Plaintiffs share the perfect identity of cause with the first two Commonwealth actions. *See Boateng*, 210 F.3d at 62 (finding no right to bring separate and successive suits on different legal theories

over WARN Act claims.

arising out a single nucleus of operative facts).

■ Defendant PRCAC filed the last two Commonwealth actions against some of the Plaintiffs in this federal suit ("local Defendants") seeking a declaratory judgment that the separation agreements signed by them are valid. *See* Exhibit A, Docket No. 76 at p. 6. These local actions stem from Defendants' reduction-in-force plan. Likewise, the Law 80 claims that these local Defendants now assert in federal court also arise from the same reduction-in-force plan. Given this common nucleus of operative facts, the court finds that the instant Law 80 claims of the local Defendants share the perfect identity of case with the last two Commonwealth actions. The local Defendants should have asserted their Law 80 claims as compulsory counterclaims in the local actions. *See Vergara–Nunez*, 446 F.3d at 185 (finding that under the transactional approach generally adhered to in Puerto Rico, a final judgment against the first-action defendant typically precludes the later assertion of compulsory counterclaims by that party); P.R. Stat. Ann., App. III (defining compulsory counterclaims under Puerto Rico law as those that arise out of the same transaction or occurrence that motivated the complaint filed by the adverse party).

## B. Perfect Identity: Parties

Even if the requisite identity of cause is present, there must be perfect identity of parties for *res judicata* to apply. P.R. Laws Ann. tit. 31 § 3343. Although Puerto Rico's preclusion statute calls for the "most perfect identity of persons" between the first and second case, the First Circuit has noted on a number of occasions that the Puerto Rico courts do not read the requirement literally. *See Futura*, 761 F.2d at 43. The preclusion statute itself provides that "there is identity of persons whenever the litigants of the suit are real representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the indivisibility of prestations among having a right to demand them, or the obligations to satisfy the same." P.R. Laws Ann. tit. 31 § 3343. This is a privity requirement, and the Puerto Rico Supreme Court has taken a "pragmatic stand" on its construction. *Partido Independentista Puertorriqueno, Demandante Y Apelante v. Comision Estatal De Elecciones Y Otros*, 120 D.P.R. 580, 605, 20 P.R. Offic. Trans. 607, 632, 1988 WL 580845 (1988). "Identity of parties and interest is required so that a party's rights and obligations will not be determined without their knowledge or an opportunity for participation." *Futura*, 761 F.2d at 43.

Here, Plaintiffs claim that there is no perfect identity of parties because not all Defendants to this federal suit were identified in the Commonwealth actions. The named Defendants in the instant complaint are: CCC, CPROC, CPRCTV, PRCAC, and HMTF. *See* Docket No. 38. Of these, CPRCTV and PRCAC were named as parties in the first two Commonwealth actions. *See* Docket Nos. 62–3, 63–3. Likewise, of the named Defendants in the instant complaint, only PRCAC appeared as a party in the last two Commonwealth actions. *See* Exhibit A, Docket No. 76.

Despite these differences, the court finds that there is sufficient privity between the named Defendants in the instant complaint and the named parties in the Commonwealth actions. CCC was the parent corporation of CPRCTV. *See* Docket No. 38 at ¶ 4.2. This relationship establishes privity between CCC and CPRCTV. *See Futura*, 761 F.2d at 43–44

(holding that perfect identity existed between a parent corporation, on one hand, and its subsidiary and agents, on the other hand). HMTF purchased CPRCTV from CCC. *See* Docket No. 38 at ¶ 4.6. This purchase placed HMTF in privity with CPRCTV. CPROC and PRCAC carried out CPRCTV's sale. *See* Docket No. 38 at ¶¶ 3.3, 3.5. This agency relationship establishes privity between CPROC and CPRCTV and between PRCAC and CPRCTV. *See Vergara–Nunez*, 446 F.3d at 187 (noting that "where on party acts for or stands in the place of another in relation to a particular subject matter, those parties are in privity for purposes of the Puerto Rico preclusion statute."). In light of the above, the court holds that the Commonwealth actions and the instant complaint possess the requisite identity of parties.

## C. Waiver

Even if the elements of *res judicata* are present, Plaintiffs argue that it should not be applied here because Defendants assented to have the federal court hear this case. Plaintiffs raised this argument in their opposition (Docket No. 90) to Defendants' fourth motion to dismiss (Docket No. 89). Because that motion dealt with the two declaratory-judgment complaints filed by Defendant PRCAC in the CFI, the court will examine whether Defendants consented to claim splitting in the context of those local complaints.

Generally, if the parties agree or a defendant consents to the splitting of a claim between two fora, the judgment in the first action will not have a *res judicata* effect in the second one. *Calderon Rosado v. Gen. Elec. Circuit Breakers*, 805 F.2d 1085, 1087 (1st Cir.1986); Restatement (Second) of Judgments § 26(1)(a). A defendant who fails to timely object to a claim splitting shall be deemed to have implicitly consented to the bringing of two causes of action. *Calderon Rosado*, 805 F.2d at 1087; Restatement (Second) of Judgments § 26 comment a, illustration1.

Plaintiffs' argument that Defendants consented to claim splitting fails for two reasons. First, claim splitting applies to the situation where a plaintiff splits a claim between two fora. *See* Restatement (Second) of Judgments § 26(1)(a) (normal *res judicata* rules do not apply if the "parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein"). Here, Plaintiffs did not file the declaratory-judgment complaints which form the basis of their claim-splitting argument. Furthermore, Defendants filed the first of these complaints before Plaintiffs filed the present action in federal court. *See* Exhibit A, Docket No. 76. Thus, there is no claim splitting.

Second, even if there was claim splitting, the record shows that Defendants did not consent to it. Plaintiffs contend that Defendants acquiesced to claim splitting when Defendants requested that this court "continue to entertain the present case...." *See* Docket No. 86 at p. 9. The court disagrees. Defendants made that statement in response to an order by this court instructing the parties to submit memoranda addressing whether this court should abstain from entertaining the instance case on federal-state court comity grounds. *See* Docket No. 82. In their response memorandum, Defendants asked the court to entertain the present case so that it could reinstate and grant four dispositive motions filed by Defendants. Three of these four motions are motions to dismiss on the basis of *res judicata*. *Id.* at 2–3. Given that Defendants were asking the court to dismiss Plaintiffs' complaint on the basis of *res judicata*, the court

cannot conclude that Defendants consented to claim splitting.

Having found that the Commonwealth actions and instant case share the perfect identity of cause and parties and that Defendants did not consent to claim splitting, the court holds that *res judicata* precludes the complaint as to the Plaintiffs named in the four motions to dismiss before the bar (Docket Nos. 62, 63, 76, 89).

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss on *res judicata* grounds (Docket Nos. 62, 63, 76, 89) are hereby **GRANTED**.

**SO ORDERED.**