# United States Court of Appeals
## For the First Circuit

No. 12-2455

UNIVERSAL INSURANCE COMPANY,

Plaintiff, Appellant,

v.

OFFICE OF THE INSURANCE COMMISSIONER; RAMÓN L. CRUZ-COLÓN;
COMMONWEALTH OF PUERTO RICO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez, Circuit Judge,
and, Lisi,[*] District Judge.

Carlo Defendini-Díaz and Pagán, Ortega, & Defendini Law
Offices PSC on brief for appellant.
Margarita Mercado-Echegaray, Solicitor General, Department
of Justice, on brief for appellees.

June 19, 2014

**Lisi, District Judge.** Appellant Universal Insurance Co.
("Universal") seeks review of a district court order dismissing its

---

[*]Of the District of Rhode Island, sitting by designation

federal court action on res judicata grounds. The district court determined that the issues raised in the federal court action had been previously litigated in an administrative action before Appellee Office of the Insurance Commissioner ("OIC"). For the reasons outlined below, we affirm the district court's decision.

## I. Background

On June 20, 2009, a vehicle owned by Mrs. Carmen J. de Jesus Fonseca ("Fonseca") was involved in an automobile accident with a vehicle operated by Mrs. Aidita Luciano Munoz ("Munoz"). At the time of the accident, Munoz was operating the vehicle pursuant to a rental agreement with Enterprise Rent-A-Car, the owner of the vehicle. The Munoz vehicle was insured by Universal pursuant to a commercial automobile insurance policy. After the accident, Fonseca filed a claim with Universal. In January 2010, Universal denied Fonseca's claim.

After Universal denied her claim, Fonseca filed a request to review the denial with the OIC. On January 30, 2012, the OIC fined Universal $1,000 and ordered Universal to adjust and resolve the claim. In the order, the OIC advised Universal that it had twenty days to request a hearing and, if it did not request a hearing within the time constraints, the order would become final and enforceable.

Universal timely requested a hearing. After submitting the request, however, the parties informed the OIC that there were no material facts in controversy and, therefore, there was no need to hold a hearing. The parties agreed that they would submit the

matter for adjudication based on the parties' memoranda of law supporting their respective positions. In its submission, Universal argued that the Graves Amendment, 49 U.S.C. § 30106, insulated it from liability.

On June 19, 2012, the OIC issued its decision. In the decision, the OIC rejected Universal's argument and confirmed the January 2012 order. The OIC advised Universal that it had twenty days to file a motion for reconsideration and thirty days to file an appeal to the Court of Appeals of Puerto Rico.[1] The OIC also informed Universal that if it chose to file a motion for reconsideration and that motion was subsequently denied, the thirty day period to request judicial review would run from the date the motion for reconsideration was denied. The OIC decision expressly warned Universal that if it did not file a timely appeal for judicial review, the administrative decision would become final and unappealable.

Universal filed a timely motion for reconsideration. The OIC denied that motion on July 19, 2012. Universal, however, chose not to file an appeal with the Court of Appeals of Puerto Rico. Instead, Universal launched an alternative attack, and, on August 7, 2012, filed a complaint for declaratory and injunctive relief in the United States District Court for the District of Puerto Rico. The district court, however, inter alia, determined that the

_____

[1]See P.R. Laws Ann. tit. 3, § 2172 (Puerto Rico Uniform Administrative Procedure Act providing that parties may appeal adverse administrative decisions to the Court of Appeals of Puerto Rico).

-3-

doctrine of res judicata barred the federal court action.[2]

Universal now claims that the district court erred when it dismissed the federal court action on res judicata grounds. The OIC submits that the district court correctly determined that res judicata barred the action. We review the district court decision de novo. R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178 (1st Cir. 2006).

## II. Res Judicata

According to the doctrine of res judicata, a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action. Haag v. United States, 589 F.3d 43 (1st Cir. 2009). A federal court must give preclusive effect to a state-court judgment if the state court would. Atwater v. Chester, 730 F.3d 58, 63 n.3 (1st Cir. 2013). Here, the district court properly applied Puerto Rico law.

A party asserting res judicata under Puerto Rico law must establish "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." R.G. Fin. Corp., 446 F.3d at 183 (quoting Boateng v. InterAm. Univ., Inc., 210 F.3d 56, 61-62 (1st Cir. 2000)).

A prior and current action will share a perfect identity

_____

[2]In the alternative, the district court also denied the request for declaratory relief. Because we dispose of this matter on res judicata grounds we need not address the district court's declaratory relief decision.

-4-

> of thing if they involve the same object or matter and will share a perfect identity of cause if they flow from the same principal ground or origin or, put another way, if they derive from a common nucleus of operative facts.

García-Monagas v. De Arellano, 674 F.3d 45, 51 (1st Cir. 2012) (citations omitted) (internal quotation marks omitted). Perfect identity of parties exists when parties in the current action were also parties in the prior action. Id.

The Supreme Court of Puerto Rico recognizes a "great flexibility on the application of the doctrine of res judicata . . . in the administrative sphere so that justice may be done." Negrón v. C.I.T. Fin. Servs. Corp., 11 P.R. Offic. Trans. 828, 833 n.2 (1981). In "proper cases" res judicata is applicable to administrative decisions. Pagán Hernández v. Univ. of P.R., 7 P.R. Offic. Trans 795, 804 (1978). "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." Id.; see also Aunyx Corp. v. Cannon U.S.A., Inc., 978 F.2d 3, 7 (1st Cir. 1992) ("Normally, decisions of administrative agencies are entitled to res judicata effect when the agency acted in a judicial capacity."). The OIC decision was a prior judgment on the merits that is final and unappealable.

The crux of both the administrative proceeding and the district court complaint is whether the Graves Amendment shielded Universal from liability arising from a third party claim. Thus, both the administrative proceeding and the district court action

share a perfect identity of "thing."  See García-Monogas, 674 F.3d at 51.  Here, the "perfect identity of the parties" prong is also satisfied; the parties in the administrative proceeding are the same as the parties in the district court proceeding.  Id.

We next turn to Universal's contention that the district court erred (1) by ignoring Universal's "reservation of rights," and (2) by failing to recognize a public policy exception to the application of res judicata.

Universal argues that the district court "dismissed Universal's complaint based on res judicata, but it did not considered [sic] Universal's timely reserve of rights.  App. 15 at p.358.  The [d]istrict [c]ourt should have considered Universal['s] reserve of rights to deny the application of res judicata in this case."  Appellant's "Opening Brief" at 10.  The reference to "App. 15 at p.358" refers this Court to Universal's brief filed before the district court.

Universal's reservation of rights "argument" consists of a cross-reference to a page in a memorandum filed before the district court.  "[C]laims made to this court must be presented fully in an appellate brief and not by cross-reference to claims made in the district court."  Lawrence v. Gonzales, 446 F.3d 221, 226 (1st Cir. 2006).  This Court is not obligated to sift through district court filings to discern arguments that Universal fails to develop on appeal.

> Filing a brief that merely adopts by reference a memorandum previously filed in the district court does not comply with the Federal Rules of Appellate Procedure.

-6-

> See Fed. R. App. P. 28(a)(6) (providing that argument must contain appellant's contentions and reasons therefor, with citations to authorities).  Moreover, it is a practice that has been consistently and roundly condemned by the Courts of Appeals . . . .

R. I. Dep't. of Envtl. Mgmt. v. United States, 304 F.3d 31, 47 n.6 (1st Cir. 2002)(internal quotation marks omitted).  By failing to develop its reservation of rights argument, Universal has waived its claim.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); see also Giragosian v. Bettencourt, 614 F.3d 25, 30 (1st Cir. 2010).

Universal next claims that the district court erred by failing to apply the public policy exception to res judicata.  Universal alleges that this matter concerns an important issue of public policy -- a disregard of Congressional intent evidenced by the OIC's misapplication of Graves Amendment immunity.

Under Puerto Rico law, res judicata may not apply if "public policy demands an exception."  Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 48 (1st Cir. 2006).  The public policy exception has been applied by Puerto Rico courts where the "potentially preclusive prior judgment (1) affected the rights of a minor, (2) was moot, . . . (3) involved a dismissal for lack of prosecution[,]" or (4) stemmed from a tainted proceeding.  Núñez Colón v. Toledo-Dávila, 648 F.3d 15, 20 (1st Cir. 2011).

The record reflects that the parties participated fully in a proceeding before an administrative agency and that the parties had an adequate and fair opportunity to litigate the matter.  "[P]ublic policy also includes an interest in finality and efficiency."  Id.

-7-

at 21 (internal quotation marks omitted).  The public policy exception to res judicata must be limited to "special circumstances, lest they invite such frequent second actions as to weaken the repose and reliance values of res judicata in all cases."  García-Monagas, 674 F.3d at 56 (internal quotation mark omitted).  We find no such special circumstances in this case.

### III. Conclusion

Discerning no error in the district court's dismissal on res judicata grounds, we affirm.

**AFFIRMED.**